UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In Re:                                                       Case No. 14-40349-wsd
                                                           Chapter 11
KEY HOTEL CORPORATION,                      Hon. Walter Shapero

      Debtor-in-Possession.

_____/

## OPINION DENYING MOTION TO MODIFY AUTOMATIC STAY, ETC. FILED BY REGENCY MOTEL INC. (DKT. 15)

Key Hotel Corporation ("Debtor") is the vendee under a land contract, on which Regency Motel, Inc. ("Regency") is the vendor. Debtor is currently operating the subject property as a hotel located in Detroit, Michigan. On July 17, 2013 Regency obtained a Judgment of Possession After Land Contract Forfeiture from the Michigan 36th District Court, which provided that (a) the land contract has been forfeited; (b) Regency has a right to possession; and (c) to retain possession, Debtor must within six months (i.e. by January 17, 2014) pay specified sums it owed to Regency and satisfy its unpaid realty tax debts. The State Court later entered a supplemental judgment requiring Debtor to pay Regency's attorney fees associated with the prior proceedings.

On January 13, 2014, Debtor filed this Chapter 11 case, having not by then complied with the terms of the indicated judgment. On January 21, 2014, Regency filed the present motion (dkt. 15) asking the Court to modify the automatic stay and to set March 17, 2014 (or some earlier date, if the Court so chooses) as the deadline by which Debtor must fully cure all defaults under the land contract and assume the land contract, failing which the automatic stay would terminate and the premises would be surrendered to Regency. Regency relies upon 11 U.S.C. § 108(b), which states:

> (b) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 60 days after the order for relief.

The subsection (b)(1) date would be January 17, 2014, which as noted was the expiration of the redemption period set by the state court. The subsection (b)(2) date would be March 14, 2014 and it controls because it is the later of the two. See In re Glenn, 760 F.2d 1428, 1437 n.6 (6th Cir. 1985) ("In a voluntary case, the entry of the order for relief is the filing of the petition commencing the case."). Regency apparently chose March 17, 2014, calculating the "60 days after the order for relief" from the date of the expiration of the redemption period, rather than from the filing date. Debtor opposes this motion, desiring apparently to file a plan of reorganization providing for some continuing retention of its interest in the land contract and its operation of the hotel business.

Regency relies on Matter of Delex Mgt., 155 B.R. 161 (Bankr. W.D. Mich. 1993), in which a Chapter 11 debtor filed its petition within its land contract redemption period, shortly after the entry of the state court order. Id. at 162-64. That court held that the automatic stay does not toll the running of a state law redemption period and, upon the expiration of the redemption period, cause existed to lift the stay. Regency also relies upon In re Horton, 302 B.R. 198 (Bankr. E.D. Mich. 2003), which held that because the state law land contract redemption period had already expired as of the time the debtor filed her Chapter 13 petition, the debtor no longer had any interest in the property and thus the automatic stay did not apply. Debtor argues that the Court

should follow In re Carr, 52 B.R. 250 (Bankr. E.D. Mich. 1985), which it argues contends that the automatic stay protects a debtor who files a bankruptcy petition before the expiration of the land contract redemption period and allows that debtor a reasonable period of time to cure that default. In re Carr has been criticized as being contrary to In re Glenn, 760 F.2d 1428, 1442 (6th Cir. 1985), which holds that the automatic stay does not toll or extend the running of state statutory periods of redemption following foreclosure sales. See In re Horton, 302 B.R. at 204; Matter of Delex Mgt., 155 B.R. at 166.

The parties directed their arguments and essentially framed the issue thus far on whether, in light of only § 108(b) and its limited tolling period (which, as noted, ends on the indicated March 14, 2014 date), the Court is required to grant the indicated relief with the consequence that Debtor will then lose all rights to the subject property, thus in essence rendering the Chapter 11 case essentially purposeless.

In the Court's view, however, the more basic question and the one that is more importantly and decisively implicated by the facts in this case, and what the Court believes is the question that ought to be decided now, is the relationship between § 108(b) and 11 U.S.C. § 365(d)(2) and their applicability to these facts. See In re Round Hill Travel, Inc., 52 B.R. 807, 809 (Bankr. D. Nev. 1985) (reliance on cases that held that § 108(b) controls over the automatic stay provisions of § 362 was misplaced because those cases did not address the debtor's rights under § 365). Given the indicated time frame and the fact that the parties have not really had a full and fair opportunity to argue and brief that question, but in order to give the parties some guidance, particularly in light of motions that the Debtor has now filed that contemplate the continuation of the case beyond March 17, 2014, the Court is here giving a preliminary opinion on that issue, reserving to any party desiring it the right to ask the Court to more fully weigh in on that issue.

A land contract is an executory contract. Zurcher v. Herveat, 605 N.W.2d 329, 341 (Mich. App. 1999). The issue is whether it is § 108(b) or § 365(d)(2) that controls the situation. Section 365(d)(2) states:

> In a case under chapter 9, 11, 12, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

On their face, there is a seeming inconsistency between these two provisions, particularly so in a Chapter 11 case such as this. There are a number of authorities that support the application of § 365(d)(2) rather than § 108(b): Moody v. Amoco Oil Co., 734 F.2d 1200, 1216 (7th Cir. 1984), cert. denied, 469 U.S. 982 (1984) ("We hold, however, that section 108(b) does not apply to curing defaults in executory contracts. Section 365 specifically governs the time for curing defaults in executory contracts, and thus, it controls here."); Coleman Oil Co. v. Circle K Corp., 127 F.3d 904, 909 n.4 (9th Cir. 1997), cert. denied, 522 U.S. 1148 (1998) ("The curing of defaults in an executory contract or unexpired lease is governed by section 365, not by the more restrictive extension-of-time provisions of section 108(b)."); In re Ludlow Hosp. Soc., Inc., 124 F.3d 22, 30 n.13 (1st Cir. 1997) ("We allow, however, that § 108(b) may not invariably bar relief; for example, where a more specific Code provision unambiguously provides an extension incompatible with the 60-day provision in § 108(b)(2). See, e.g., Moody v. Amoco Oil Co."); Matter of McLouth Steel Corp., 20 B.R. 688, 691-92 (Bankr. E.D. Mich. 1982) (legislative history and rules of statutory construction indicate that § 108(b) does not apply to executory contracts); In re Memphis-Friday's Associates, 88 B.R. 830, 839-40 (Bankr. W.D. Tenn. 1988) (where § 365 is newer and more specific, it prevails over § 108(b)); In re Masterworks, Inc., 100 B.R. 149, 152 (Bankr. D. Conn. 1989) (policy of providing honest debtors with fresh start is

better served by flexible time constraints of § 365(d)(2) than by the rigid ones of § 108(b)); In re Round Hill Travel, Inc., 52 B.R. 807 (Bankr. D. Nev. 1985).

Conversely, there are cases that find § 108(b) to set the applicable time limit, including two cited by Regency: Matter of Delex Mgt., 155 B.R. at 168 and In re Horton, 302 B.R. at 202-03. Those cases held that the interplay between § 108(b) and § 365 is resolved by requiring a debtor first satisfy § 108(b) by curing the prepetition default within that provision's time constraints, whereupon the debtor gets the opportunity to later assume or reject under § 365. See also Counties Contracting and Const. Co. v. Const. Life Ins. Co., 855 F.2d 1054, 1060-61 (3d Cir. 1988); In re Players' Pub, Inc., 45 B.R. 387, 394 (Bankr. D. Mass. 1985) (both distinguishing Moody v. Amoco Oil Co., *supra* and finding that the subject executory contract had already expired).

The Court believes the cases supporting the applicability of § 365(d)(2) are better reasoned and that provision controls the period within which Debtor has to assume or reject the land contract in this Chapter 11 case, which was filed prior to the expiration of the mandated redemption period. In the interest of time and the situation, the Court will not here or at this time at least, set out its rationale more expansively beyond adopting the reasoning and holdings of those cases. Therefore, the Court denies Regency's motion to modify the automatic stay based on § 108(b), with the result that Debtor may assume or reject the land contract pursuant to § 365(d)(2), subject to the other terms of that provision, including that which allows for the acceleration of the stated deadline.

That said, as noted, Regency's motion also asks the Court to set the indicated March 17, 2014 date as the deadline by which Debtor must assume or reject the land contract. Given the above indicated conclusion of the Court, this request, though not specifically articulated or

presented in that way, might properly be treated as an alternative request under the specific provisions of § 365(d)(2) for an order requiring that the land contract be assumed or rejected by that date, rather than by the "any time before the confirmation of a plan" period specified by that provision. On that point, the courts have said that Chapter 11 debtors are entitled to a reasonable time period within which to propose and confirm a plan, and the length of that period is a discretionary matter left to the Court to decide in light of the circumstances of the case. The circumstances to be considered include (a) the nature of the interests at stake; (b) the balance of the burdens on the litigants; (c) the benefits to be achieved; and (d) the safeguards afforded to the litigants, all considered in light of "the broad purpose of Chapter 11, which is to permit [the] successful rehabilitation of debtors." In re G-I Holdings, Inc., 308 B.R. 196, 213 (Bankr. D.N.J. 2004) (citations and internal quotation marks omitted). Given primarily that this case was filed on January 13, 2014 and it is now February 20, 2014, the nature of the Debtor's business, the other pending motions, and the indicated facts, it is eminently clear that, at least at present, this accelerating request should be, and is, denied.

Regency's motion also alternatively requested that Debtor be required to provide adequate protection payments pursuant to § 361 and/or perform its obligations under the land contract pursuant to § 365(d)(3), including payment of post-petition rent. Debtor has since filed a Motion to Use Cash Collateral (dkt. 46), which is inherently related to, and complements, Regency's alternate adequate protection request. Other things being equal, these two requests would have been scheduled for a hearing at the same time. However, as of the date of this opinion, the docket indicates that Debtor's cash collateral motion was apparently not filed properly, was stricken, and is no longer considered pending. Accordingly and in light of the foregoing conclusion, the Court is hereby setting a hearing on Regency's request for adequate protection for February 27,

2014 at 11:00am. Regency shall prepare and present under the local rules an order consistent with this opinion.

**Signed on February 20, 2014**

                                          **/s/ Walter Shapero**
                                 **Walter Shapero**
                                 **United States Bankruptcy Judge**